NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNSHUI MA | |
| Plaintiff, | Civil Action No. 06-6177 (PGS) |
| v. | |
| MICHAEL CHERTOFF, Secretary of Department of Homeland Security, EMILIO T. GONZALEZ, Director of U.S. Citizenship and Immigration Services (USCIS); PAUL NOVAK, Director of Vermont Service Center, USCIS; ROBERT S. MULLER Director of Federal Bureau of Investigation (FBI); ALBERTO R. GONZALES, Attorney General of United States | OPINION |
| Defendants. | |

This matter comes before the Court on defendants' motion to dismiss plaintiff's Complaint, pursuant to Fed. Civ. R. 12 (b)(1), which seeks to compel defendants to expedite his application to adjust status to lawful permanent resident.

I.

Plaintiff, Junshui Ma, born in China, came to the United States in 1997, presumably pursuant to a student visa, where he took classes for a doctorate in engineering. Plaintiff received his Ph.D. in engineering in June 2001. At some point thereafter, plaintiff filed an I-140 Petition for Immigration Worker, which was subsequently approved on May 25, 2004. On September 15, 2003, plaintiff filed an I-485 application to adjust status to permanent resident with United States

Citizenship and Immigration Services ("CIS"). Plaintiff submitted to fingerprinting for criminal and security clearances on October 29, 2004. To date, with no decision rendered on plaintiff's application, plaintiff filed the instant action with the District Court seeking, among other things, "to compel action on the clearly delayed processing on an I-485 Application."

However, while this application was pending, plaintiff and his wife received asylum final approval. On January 12, 2003, plaintiff's wife filed an I-589 application for asylum due to "increasing threat[s] and direct persecution from [the] Chinese government" stemming from her filings of human rights violation complaints to the United Nations dating back to 1999. In June 2003, both plaintiff and plaintiff's wife were fingerprinted and interviewed by an immigration official. An FBI background check was allegedly performed on plaintiff and plaintiff's wife. On October 23, 2003, plaintiff and plaintiff's wife received their asylum final approval. Notwithstanding the approval stemming from this background check, plaintiff's I-485 application has yet to be determined, currently 44 months since filing the application.

II.

The issue is whether the Court has subject matter jurisdiction over the plaintiff's claim. Plaintiff contends that this Court has subject matter jurisdiction over his claim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201; the mandamus statute, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 1331. Defendants maintain that the Court does not have jurisdiction over the Complaint because the applicable statute, 8 U.S.C. §1252(a)(2)(B), precludes review of discretionary decisions of CIS.

The Court recognizes that the issue presented here is not settled within the Circuit. Compare, *Serrano v. Quarantillo*, 2007 WL 1101434, *3 (D.N.J. 2007), with *Duan v. Zamberry*, 2007 WL 626116 (W.D. Pa. 2007). For that matter, the cases split throughout the country. Compare, *Safadi*

*v. Howard*, 2006 WL 3780417 (E.D.Va. 2006) with *Kim v. Ashcroft*, 340 F.Supp.2d 384, 393 (S.D.N.Y. 2004).

The Court finds that the reasoning of Judge DeBevoise in *Serrano* is compelling. Therein he wrote:

> Importantly, not addressed here is the question whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application. This case presents no such facts. To be sure, the nearly four years thus far consumed in the processing of plaintiff's application is far from an inconsiderable period of time and it is easy to understand plaintiff's frustration. It is also understandable that the length of the process is causing plaintiff substantial hardship. Nonetheless, in this post-9/11 world USCIS must carefully and thoroughly investigate adjustment applications to ensure they are not granted without the appropriate good cause. Our national security requires that caution and thoroughness in these matters not be sacrificed for the purpose of expediency. Given this, while the application processing time that has elapsed in this case has been substantial, the evidence that USCIS is actively processing plaintiff's application makes clear that this is not a case where USCIS has refused to adjudicate or process an application. Instead, it is a case in which USCIS is and has been processing plaintiff's adjustment of status application, but has done so at a pace plaintiff finds unsatisfactory. Because the pace of processing an adjustment application comprises a part of USCIS's "action," and because USCIS has discretion over such actions, there is no jurisdiction over plaintiff's complaint.
>
> \*\*\*\*
>
> [I]n the present case, the court does not have subject matter jurisdiction to decide Plaintiff's claim. Additionally, the fact that just over two years have passed since Plaintiff has filed his application for adjustment is not so unreasonable as to be tantamount to a refusal to process the application Thus, the Complaint will be dismissed.

Similarly here, the post 9/11 era mandates that "USCIS must carefully and thoroughly investigate adjustment applications." In addition, the Court cannot find that the pendency of

plaintiff's application for 44 months is "so unreasonable as to be tantamount to a refusal to process the application."

Accordingly, motion is granted and the Complaint is dismissed.

May 11, 2007

PETER G. SHERIDAN, U.S.D.J.